

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Wm. J. Lawson
Secretary of State
Austin, Texas

Dear Sir:

Opinion No. O-3489
Re: Candidates for the United States
Senate at special election - fees-
statement of campaign expenses.

In your letter of May 4, 1941, (your file S-WMR),
you request the opinion of this department as to whether or
not there is any requirement of State law with reference to
payment by candidates for the Senate of an announcement fee
in the forthcoming special election, and also whether candi-
dates for this office in this special election are required
to file statements concerning their campaign expenses.

Article 3068, Revised Civil Statutes, 1925, pro-
vides as follows:

"Every law regulating or in any manner govern-
ing elections or the holding of primaries in this
State shall be held to apply to each election or
nomination of a candidate for a United States Senator
so long as they are not in conflict with the Consti-
tution of the United States or of any law or statute
enacted by the Congress of the United States regula-
ting the election of the United States Senators or the
provisions of this law. The returns from any elec-
tion held for United States Senator shall be made,
the result ascertained and declared, a certificate
of election issued, as provided for the election of
representatives in Congress, by this title."

The effect of this Article is to make every law reg-
ulating or in any manner governing general and special elections
applicable to general and special elections of United States

Senators, and to make every law regulating or in any manner governing the holding of primaries applicable to the holding of primaries for the nomination of a candidate for United States Senator. The Article does not purport to make laws applicable only to the holding of primaries for the nomination of candidates applicable to general or special elections, as distinguished from primaries, for the election of the United States Senator.

A careful search of the statutes of this State reveals no law authorizing or requiring any fee to be collected by any public officer of this State from candidates for election to public office at a special or general election. Such provision as is made for the charging of fees has reference only to fees for the privilege of participating as a candidate in a primary election for nomination to office, conducted by a political party.

You are therefore advised that no fee is to be collected from candidates for United States Senator at the special election to be held on June 28, 1941.

With regard to the filing of campaign expense accounts, your attention is directed to the following Articles appearing in the codification of 1925:

Revised Civil Statutes of Texas, 1925:

"Art. 3144. Within ten days after a final election, all candidates for office at such election shall file a written itemized statement, under oath, with the county judge of the county of their residence, of all the expenses incurred during the canvass for the office, and for the nomination, including amounts paid to newspapers, hotel and traveling expenses, and such statement shall be sworn to and filed, whether the candidate was elected or defeated, which shall at all times be subject to the inspection of the public."

"Art. 3145. Every person who manages any political headquarters for any political party, or for any candidate before any election, and every clerk or agent of such manager for such headquarters or candidate, and every other person whomsoever who expends money, gives any property or thing of value,

Honorable Wm. J. Lawson, page 3

or promises to use influence, or give a future re-
ward to promote or defeat the election of any candi-
date, or to promote or defeat the success of any
political party at any election, shall, within ten
days after such election, file with the county judge
of the county in which the political headquarters
was located, and with the county judge of the county,
where such manager, clerk, or other person, as the
case may be, resides, an itemized statement of all
moneys or things of value thus given or promised,
for what purpose, by whom supplied, in what amount
and how expended, and what reward was given or
promised, by whom and to whom, and what influence was
promised, by whom promised, and to whom said promise
was given. He shall state whether he has been in-
formed, or has reason to believe, that the person
thus aiding or attempting to defeat a party or candi-
date was an officer, stockholder, agent or employee
of, or was acting for or in the interest of any
corporation, giving his name, and, if so, what cor-
poration; and he shall if he has no positive know-
ledge, state the source of his information or the
reasons for his belief, as the case may be; all of
which shall be sworn to and subscribed before the
county judge, who shall file and preserve the same,
which shall at all times be subject to the inspec-
tion of the public."

Article 3144, above quoted, clearly applies to candi-
dates for the office of United States Senator at the forthcoming
special election, which though special is clearly a "final" elec-
tion. Article 3145 requires reports of persons other than the
candidate himself. This Article is applicable to the forth-
coming special election for the office of United States Senator.
This is clear, for the article uses the words "any election,"
which embraces both general and special elections. In fact,
the whole context of such article indicates that it was intended
to embrace both general and special elections.

Article 276, Penal Code, 1925, provides:

"Each person who shall receive any payment

directly or indirectly, for political purposes in
a campaign before a general election for United States
Senator whether as salary or as expenses, shall with-
in thirty days after such payment has been made or
promised make a sworn statement showing in detail
said payment or promised payments, by whom made and
what services were rendered for same. This statement
shall be filed with the secretary of State. Any per-
son who comes within the provisions of this article
and fails to make such statements, shall be confined
in jail not less than ten nor more than thirty days."

This Article, in terms, applies only to expenses incurred
"in a campaign for United States Senator before a general election."
The election for United States Senator with which you are concerned
is "special," not a general election. Article 3097, Revised Civil
Statutes, 1925. Furthermore, this provision, in our opinion, has no
reference to the candidate himself, but refers to workers who re-
ceive payments by way of "salary or expenses" for political services
rendered in a campaign before a general election for United States
Senator.

While you, in your official capacity, are not concerned
with the reports to be filed by candidates for United States Sen-
ator with the Federal authorities, we deem it advisable to call
attention to the fact that the Federal Corrupt Practice Act, Title
2, U. S. C. A., Chapter 8, contains provisions regulating campaign
expenditures in elections for such office and provisions requiring
reports of expenditures to be filed with the Secretary of the
Senate of the United States.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED MAY 14, 1941

By: S.
R. W. Fairchild
Assistant

S. GROVER SELLERS

FIRST ASSISTANT ATTORNEY
GENERAL

RWF:db

APPROVED OPINION COMMITTEE

BY
S. GRL
CHAIRMAN